IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIN L. HAUMAN,** | : | CIVIL NO. 1:15-CV-1159 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BRIAN V. COLEMAN, THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

On October 2, 2003, petitioner Darin L. Hauman ("Hauman"), was found guilty of eleven counts of possession of child pornography in the Court of Common Pleas of Fulton County, Pennsylvania. (Doc. 1). On August 23, 2005, he was resentenced[1] to an aggregate term of seven and one-half to eighteen years' imprisonment, followed by an aggregate term of probation of ten and one-half years. (Id.) On June 12, 2015, Hauman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying conviction and sentence. (Id.) Presently before the court is respondents' motion to dismiss the petition as untimely. (Doc. 15). For the reasons set forth below, the motion to

---

[1] On March 15, 2004, Hauman was originally sentenced to an aggregate term of seven and one-half to seventeen years' imprisonment, followed by an aggregate term of probation of ten and one-half years. See Commonwealth v. Hauman, https://ujsportal.pacourts.us, electronic docket number CP-29-CR-0000115-2001. Hauman pursued a direct appeal to the Superior Court. Id. The Superior Court vacated the judgment of sentence and remanded for resentencing. Id.

dismiss will be denied, and respondents will be directed to submit a response addressing the merits of the petition.

## I. Background

The factual and procedural background of this case has been aptly summarized by the Pennsylvania Superior Court as follows:

> [Hauman] was arrested in Allegheny County following his attempt to meet with an underage girl. [Hauman], calling himself Jake Thomas, had been exchanging e-mails concerning sexual topics with a girl named ShyLittleMissy who[m] he believed to be 12 or 13 years old. ShyLittleMissy was, in fact, an undercover Pennsylvania State Police (PSP) Trooper who was given this e-mail account by a private citizen named Ty Grabowski who had originally set up the account to help law enforcement find child pornographers.
>
> Following his arrest, [Hauman] was interviewed by PSP and admitted that he had been in contact with a girl he believed was 13 years old and that his intentions were sexual in nature. This information was relayed to PSP in Fulton County and a search warrant for [Hauman's] residence was obtained to attempt to find evidence of child pornography. The warrant was executed and 27 photographs were found under the carpeting of his home. As a result [Hauman] was charged with 27 counts of Possession of Child Pornography.
>
> …
>
> A bench trial was held on October 2, 2003 and the [c]ourt found [Hauman] guilty on 11 counts of possession of child pornography and not guilty on the remaining 16 counts. [Hauman] was sentenced on March 15, 2004.
>
> [Hauman] pursued a direct appeal to [the Superior Court] from his March 15, 2004 judgment of sentence. On March 18, 2005, [the Superior] Court vacated the judgment of sentence and remanded for resentencing. Following resentencing, [Hauman] again appealed to [the Superior] Court, which affirmed the judgment of sentence on September 1, 2006. [Hauman] then sought allowance of appeal to [the Pennsylvania] Supreme Court, which denied the petition on November 18, 2008. [Hauman] petitioned the United States Supreme Court for a writ of *certiorari*. The Supreme Court denied *certiorari* on October 5, 2009.

Commonwealth v. Hauman, 2015 WL 7586974, *1, 2 n. 1 (Pa. Super. 2015).

On July 14, 2010, Hauman filed a timely *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  The following is a summary of procedural history of the PCRA petition:

> [Hauman] filed a [PCRA petition] on July 14, 2010.  A hearing on the PCRA petition was held on March 22, 2011.  Trial counsel Clint Barkdoll testified.  The record was left open for a second hearing so that additional witnesses could be located.  The second hearing was held on July 5, 2011.  Trooper Roche (formerly LaRoche) testified.  On March 2, 2012 this [c]ourt issued an Order denying [Hauman's] PCRA petition.  Attached to the Order was a comprehensive Opinion delineating our reasons for denying the petition. [Hauman] appealed this decision to the Superior Court on March 30, 2012.  Pursuant to Superior Court Order dated March 12, 2013 our March 2, 2012 Order denying [Hauman] PCRA relief was vacated and we held a Grazier hearing on July 16, 2013.  On October 7, 2013 [Hauman] filed a Motion for Leave to Amend his PCRA petition.  On February 24, 2014 we issued an Order denying that motion.  In that same Order we reinstated our denial of [Hauman's] PCRA petition to provide [Hauman] with an appealable Order pursuant to the Superior Court's February 7, 2014 Order.  [Hauman] subsequently filed a Notice of Appeal on March 10, 2014, appealing our Order dated February 24, 2014 denying [Hauman's] Motion for Leave to Amend his PCRA petition and denying [Hauman's] PCRA petition by incorporation of our March 2, 2012 denial of [Hauman's] PCRA petition.

Commonwealth v. Hauman, 2015 WL 7586974, *1 (Pa. Super. 2015).

On January 16, 2015, the Superior Court affirmed the trial court's denial of Hauman's PCRA petition.  (Id.)  Hauman did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On April 5, 2015, Hauman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. See Hauman v. Coleman, et al., Civil No. 1:15-cv-697 (M.D. Pa. 2015). On April 23, 2015, he was advised in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), that he could either (1) have the document ruled on as filed, that is as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals, or (2) withdraw the petition with the intent of filing an all-inclusive petition under 28 U.S.C. § 2254, raising all grounds for relief. (Id. at Doc. 3). He was specifically advised to "consult 28 U.S.C. §§ 2244 and 2254 for more information on the availability and nature of relief under these provisions." (Id.) Hauman was provided a Notice of Election form and was directed to notify the court as to how he wished to proceed. (Id.) On April 30, 2015, Hauman elected to withdraw his petition for writ of habeas corpus and file a new petition. (Id. at Doc. 5). Accordingly, on May 11, 2015, the court entered an order deeming the matter withdrawn. (Id. at Doc. 6).

On June 12, 2015, Hauman filed the instant petition for writ of habeas corpus pursuant to § 2254. (Doc. 1). On July 10, 2015, a Miller/Mason Notice and Order was sent to Hauman. (Doc. 3). On June 17, 2015, Hauman returned the Notice of Election and elected to proceed on the petition as filed. (Doc. 5). Hauman referred to his first § 2254 habeas action, Civil No. 1:15-cv-697, which he withdrew pursuant to the April 23, 2015 Miller/Mason order, and stated that this action should be

4

deemed timely based on the filing date of the previously withdrawn habeas petition. (Id.)

On September 15, 2016, respondents filed a motion to dismiss the instant petition as untimely pursuant to 28 U.S.C. § 2244. (Doc. 15). Hauman filed a brief in opposition to respondents' motion, and supplements thereto. (Docs. 19, 24, 25).

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Hauman was resentenced on August 23, 2005. See (Doc. 1; https://ujsportal.pacourts.us, electronic docket number CP-29-CR-0000115-2001). His judgment of sentence became final on October 5, 2009, when the United States Supreme Court denied his petition for writ of *certiorari*. See Nara, 264 F.3d at 314. The one-year period for the statute of limitations commenced running as of that date. The court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on October 5, 2009 and, absent any tolling, would expire on or about October 5, 2010. On July 14, 2010, after approximately 282 days of the one-year statute had elapsed, Hauman successfully tolled the statute of limitations when he filed his timely first PCRA petition. The statute remained tolled until February 26, 2015, when the time period expired for Hauman to seek review of the denial of his PCRA petition with the Pennsylvania Supreme Court. The statute then began running again. The 83 days remaining in which to file his federal petition expired on May 20, 2015. His federal

6

petition was filed on June 12, 2015, clearly after the expiration of the limitations period.

While it is true that Hauman did timely file his first § 2254 petition on April 5, 2015, he chose to withdraw said petition. Although he filed a new § 2254 petition, he did not do so until after the expiration of the limitations period. The statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Sperling v. White, 30 F.Supp.2d 1246, 1250 (C.D. Cal. 1998). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.   Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking

equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Under the circumstances of this case, the court finds that Hauman has been pursuing his rights diligently. Hauman asserts that the instant petition should be deemed timely because his first habeas petition was timely filed on March 25, 2015[2], docketed at Civil No. 1:15-cv-697. (Docs. 1, 5). Although that petition was withdrawn by Hauman, and the action was closed, the court is mindful of the fact that Hauman is proceeding *pro se*. This fact, coupled with the fact that the Miller/Mason order issued in the prior action could possibly be construed to inadvertently mislead Hauman into believing a new petition would be accepted by

---

[2] Hauman's first habeas petition was signed and dated on March 25, 2015, and received by the court on April 9, 2015. (Civil No. 1:15-cv-697, at Doc. 1).

the court as timely, support a decision in favor of equitable tolling under these circumstances. See, e.g., Walker v. Ricci, 2013 WL 3223552, at *11-12 (D.N.J. June 25, 2013) (finding equitable tolling proper and that the second habeas petition related back to the initial habeas petition where petitioner was reasonably confused by a Mason order, the Clerk erred in docketing the second habeas petition as a new action rather than re-filing it in the initial habeas action, the second petition contained the same claims as the initial petition, and petitioner was diligent in pursuing his claims). Moreover, Hauman did not withdraw his first habeas petition in order to exhaust state court remedies. Hauman explains that he "elected to withdraw his [first] habeas petition with the understanding that the Court gave him leave to submit a more [sic] better written and meaningful petition". (Doc. 19, at 3). Hauman essentially sought to file an amended, all-inclusive habeas petition. Accordingly, the petition for writ of habeas corpus will be accepted by the court as timely.

### III. Conclusion

For the reasons set forth above, the court will deny respondents' motion (Doc. 15) to dismiss the habeas petition as untimely. Respondents will be directed to submit a response addressing the merits of the petition within twenty-one (21) days of the accompanying order. An appropriate order will issue.

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       June 8, 2016