## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIN L. HAUMAN,** | : **CIVIL ACTION NO. 1:15-CV-1159** |
| | : |
| **Plaintiff** | : **(Chief Judge Conner)** |
| | : |
| **v.** | : |
| | : |
| **BRIAN V. COLEMAN,** *et al.*, | : |
| | : |
| **Defendants** | : |

## ORDER

AND NOW, this 2nd day of December, 2016, upon consideration of

petitioner's motion (Doc. 38) for appointment of counsel, see 18 U.S.C. § 3006A(a)(2)

("Whenever . . . the court determines that the interests of justice so require,

representation may be provided for any financially eligible person who . . . is

seeking relief under [28 U.S.C.] section 2254 . . ."), and it appearing that the claims

of the petition for writ of habeas corpus, alleging that he was wrongfully convicted

in the Court of Common Pleas of Fulton County, do not present complex legal or

factual issues, see id. (remarking on wide discussion of issues), and, it further

appearing that petitioner is capable of properly and forcefully prosecuting his

claims with adequate factual investigation and appropriate citations to governing

authority, see Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) (identifying merit

and complexity of petitioner's claims as factors in whether to appoint counsel);

Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998) (citing Tabron v.

Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)), aff'd, 275 F.3d 33 (3d Cir. 2001), and the

court finding that the interests of justice do not require the appointment of counsel for petitioner at this stage of the proceedings, see 18 U.S.C. § 3006A(a)(2), it is hereby ORDERED that the motion (Doc. 38) is DENIED. If the court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of petitioner.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania