**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARIN L. HAUMAN,** | : | **CIVIL NO. 1:15-CV-1159** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN V. COLEMAN, THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Darin Hauman ("Hauman") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction

imposed in the Court of Common Pleas of Fulton County, Pennsylvania.  (Doc. 1).

For the reasons discussed below, the court will deny the petition.

## I.   Factual Background

The Pennsylvania Superior Court, quoting the county court, summarized the

factual background of this case as follows:

> [Hauman] was arrested in Allegheny County following his attempt to
> meet with an underage girl.  [Hauman], calling himself Jake Thomas,
> had been exchanging e-mails concerning sexual topics with a girl
> named ShyLittleMissy who[m] he believed to be 12 or 13 years old.
> ShyLittleMissy was, in fact, an undercover Pennsylvania State Police
> (PSP) Trooper who was given this e-mail account by a private citizen
> named Ty Grabowski who had originally set up the account to help law
> enforcement find child pornographers.
>
> Following his arrest, [Hauman] was interviewed by PSP and admitted
> that he had been in contact with a girl he believed was 13 years old and

that his intentions were sexual in nature. This information was relayed to PSP in Fulton County and a search warrant for [Hauman's] residence was obtained to attempt to find evidence of child pornography. The warrant was executed and 27 photographs were found under the carpeting of his home. As a result [Hauman] was charged with 27 counts of Possession of Child Pornography.
…

A bench trial was held on October 2, 2003 and the [c]ourt found [Hauman] guilty on 11 counts of possession of child pornography and not guilty on the remaining 16 counts. [Hauman] was sentenced on March 15, 2004.

Commonwealth v. Hauman, 2015 WL 7586974, *1-2 (Pa. Super. 2015) (quoting

PCRA Court Opinion, 3/2/12, at 1; PCRA Court Rule 1925(a) Opinion, 5/13/14,

at 1-2).

## II.    **State Court Proceedings**[1]

On August 27, 2001, Hauman was arrested and charged with 27 counts of

possession of child pornography. (Doc. 1 at 50; https://ujsportal.pacourts.us,

electronic docket number CP-29-CR-0000115-2001). On October 2, 2003, a bench

trial was held and the court found Hauman guilty on 11 counts of possession of

child pornography and not guilty on the remaining 16 counts. (Id.) Following a

hearing, the trial court determined that Hauman met the criteria of a sexually

violent predator under Megan's Law. (Id.) On March 15, 2004, Hauman was

---

[1] A federal habeas court may take judicial notice of state court records. Minney v. Winstead, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Fulton County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

sentenced to an aggregate term of incarceration of 7 ½ to 17 years in a state correctional institute followed by an aggregate term of probation of 10 ½ years. (Id.)

Hauman filed a timely direct appeal. See Commonwealth v. Hauman, 2015 WL 7586974, at *2 n.1. On March 18, 2005, the Pennsylvania Superior Court vacated the judgment of sentence and remanded for resentencing. See id. On August 23, 2005, Hauman was resentenced to serve an aggregate term of incarceration of 7 ½ to 18 years in a state correctional institute followed by an aggregate term of probation of 10 ½ years. (Doc. 1 at 2).

Following resentencing, Hauman again appealed to the Pennsylvania Superior Court. Commonwealth v. Hauman, No. 1444 MDA 2005 (Pa. Super.). On September 1, 2006, the Pennsylvania Superior Court affirmed the judgment of sentence, and on November 18, 2008, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. Hauman, 909 A.2d 879, No. 1444 MDA 2005 (Pa. Super. 2006) (unpublished memorandum), appeal denied, Commonwealth v. Hauman, 961 A.2d 858, No. 832 MAL 2006 (Pa. 2008). Hauman petitioned the United States Supreme Court for a writ of certiorari. Hauman v. Pennsylvania, 558 U.S. 824 (2009). On October 5, 2009, the United States Supreme Court denied certiorari. Id.

On July 14, 2010, Hauman filed a timely *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 29-2, PCRA Petition). On March 2, 2012, the PCRA court denied the petition. (Doc. 1-1 at 2-16, PCRA Court Order and Opinion). Hauman filed a timely notice of appeal to the Pennsylvania Superior Court. On March 12,

2013, the Superior Court vacated the March 2, 2012 Order denying PCRA relief, and held a Grazier[2] hearing on July 16, 2013. (Doc. 1-1 at 59-62, Commonwealth v. Hauman, No. 644 MDA 2012 (Pa. Super.)).

On October 7, 2013 Hauman filed a motion for leave to amend his PCRA petition. See Commonwealth v. Hauman, 2015 WL 7586974, at *1. On February 24, 2014, the Superior Court denied the motion to amend. See id. In that same order, the Superior Court reinstated the denial of Hauman's PCRA petition to provide him with an appealable order. See id. On March 10, 2014, Hauman filed a notice of appeal. See id. On January 16, 2015, the Superior Court affirmed the PCRA court's denial of Hauman's petition. (Doc. 1-1 at 64-83, Commonwealth v. Hauman, No. 439 MDA 2014 (Pa. Super.)). Hauman did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

Hauman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## III.  Standards of Review

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal

---

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

habeas court to reexamine state-court determinations on state-law questions."

Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather,

federal habeas review is restricted to claims based "on the ground that [petitioner]

is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68.

### A. Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies

have been exhausted, or there is an absence of available state corrective process, or

circumstances exist that render such process ineffective to protect the rights of the

applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on

principles of comity in order to ensure that state courts have the initial opportunity

to review federal constitutional challenges to state convictions. See Werts v.

Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S.

838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[3]  Respect for the state court system

requires that the petitioner demonstrate that the claims in question have been

"fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct.

---

[3] In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

1056, 103 L.Ed.2d 380 (1989).  To "fairly present" a claim, a petitioner must present

its "factual and legal substance to the state courts in a manner that puts them on

notice that a federal claim is being asserted." <u>McCandless v. Vaughn</u>, 172 F.3d 255,

261 (3d Cir. 1999); <u>see</u> <u>also</u> <u>Nara v. Frank</u>, 488 F.3d 187, 197-98 (3d Cir. 2007)

(recognizing that a claim is fairly presented when a petitioner presents the same

factual and legal basis for the claim to the state courts).  While the petitioner need

not cite "book and verse" of the federal Constitution, <u>Picard v. Connor</u>, 404 U.S. 270,

278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to

pass upon and correct' alleged violations of its prisoners' federal rights" before

presenting those claims here, <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 130

L.Ed.2d 865 (1995) (quoting <u>Picard</u>, 404 U.S. at 275, 92 S.Ct. 509).

In this case, respondents concede that Hauman properly exhausted eight of

the ten ineffective assistance of counsel claims raised in the federal habeas petition.

(Doc. 29-1, at 22-24).

## B.  Merits Standard

Once a court has determined that the exhaustion requirement is met and,

therefore, that review on the merits of the issues presented in a habeas petition is

warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d).  Section

2254(d) provides, in pertinent part, that an application for a writ of habeas corpus

premised on a claim previously adjudicated on the merits in state court shall not be

granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or

> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 491, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the

court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); <u>Porter v. Horn</u>, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); <u>see</u> <u>also</u> <u>Torres v. Prunty</u>, 223 F.3d 1103, 1107-08 (9th Cir. 2000); <u>cf.</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." <u>Breighner v. Chesney</u>, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. <u>Porter</u>, 276 F. Supp. 2d at 296; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 408-09 (2000); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. <u>Porter</u>, 276 F. Supp. 2d at 296; <u>see</u> <u>also</u> <u>Williams</u>, 529 U.S. at 408-09.

### C.  Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance of counsel also extends to the first appeal. <u>Lewis v. Johnson</u>, 359 F.3d 646, 656 (3d Cir. 2004). In <u>Strickland</u>, the Supreme Court articulated a two-prong test in assessing whether a petitioner has

---

[4] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

been denied the effective assistance of counsel.  Strickland, 466 U.S. at 687-88.  A

petitioner must demonstrate: (1) that his counsel's representation "fell below an

objective standard of reasonableness" and (2) that such defective performance

caused the petitioner prejudice.  See id.

In evaluating the first prong of the Strickland test, the court must be "highly

deferential" toward counsel's conduct.  Id. at 689.  There is a strong presumption

that counsel's conduct fell within the wide range of reasonable professional

assistance.  Id. ("It is all too tempting for a defendant to second-guess counsel's

assistance after conviction or adverse sentence, and it is all too easy for a court,

examining counsel's defense after it has proved unsuccessful, to conclude that a

particular act or omission of counsel was unreasonable.").  "Strickland and its

progeny make clear that counsel's strategic choices will not be second-guessed by

post-hoc determinations that a different trial strategy would have fared better."

Rolan v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing Strickland, 446 U.S. at

689).  Notably, courts will not deem counsel ineffective for failing to raise a meritless

argument.  Strickland, 466 U.S. at 691; United States v. Sanders, 165 F.3d 248, 253

(3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a

reasonable probability that, but for counsel's deficient performance, the outcome of

the proceeding would have been different.  See Strickland, 466 U.S. at 694.  "A

reasonable probability is a probability sufficient to undermine confidence in the

outcome."  Id.  Moreover, the petitioner must show that he or she had a reasonable

likelihood of prevailing on the motion at issue, and having prevailed on the motion,

9

it was also reasonably likely that the result of the trial would have been different. See Thomas, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the Strickland test. Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. Strickland, 466 U.S. at 697.

Under the AEDPA, the court's role is to determine whether the state court's denial of Hauman's ineffective assistance of counsel claims is either contrary to, or involved an objectively unreasonable application of, Strickland. Outten v. Kearney, 464 F.3d 401, 413-14 (3d Cir. 2006) (citing Werts, 228 F.3d at 197).

## IV. **Discussion**

In the instant petition, Hauman alleges ineffective assistance of counsel on the following grounds: (1) trial counsel failed to challenge the validity of his warrantless arrest in Allegheny County; (2) trial counsel failed to challenge the search warrant affidavit of probable cause; (3) trial counsel failed to challenge the duplicity of the criminal information; (4) trial counsel failed to object to the introduction of other crimes, wrongs or acts at trial; (5) trial counsel failed to object to the trooper's testimony; (6) trial counsel failed to raise the defense of collateral estoppel; (7) trial counsel failed to hire an expert witness to rebut the Commonwealth's expert's opinion; (8) trial counsel failed to object or argue on appeal that the trial court disregarded the Commonwealth's expert's testimony that he could not determine the age of the children depicted in four of the images; (9)

trial counsel failed to argue that the Commonwealth did not prove the age and the prohibited sexual act elements offenses; and, (10) counsel was ineffective because all grounds for relief, in lump sum, show his ineffectiveness.  (Doc. 1).

### A.    Failure to Challenge the Arrest in Allegheny County

Hauman alleges that trial counsel was ineffective for failing to challenge his arrest in the Allegheny County Case.  (Doc. 1 at 8).    The Superior Court affirmed the PCRA court's denial of this claim, and provided the following explanation:[5]

> In Paragraph 2 of his PCRA petition, [Hauman] alleges trial counsel ineffectiveness for failing to challenge [Hauman's] arrest in Allegheny County, an arrest [Hauman] suggests was illegal.  [Hauman's] Brief at 23.  [Hauman] surmises that PCRA counsel could have proven the Allegheny County arrest was illegal, resulting in "a strong probability that the search warrant for [Hauman's] residence would have been found improperly issued, thus eliminating the key evidence used against him at his Fulton Co. trial."  Id.  [Hauman's] argument lacks arguable merit.  As the PCRA court recognized:
>
> > The Allegheny County Court of Common Pleas did not dismiss [Hauman's] case because it determined that his arrest was illegal.  The charges were dismissed following a habeas corpus proceeding.  The court determined that there was not sufficient evidence.  No such determination was ever made regarding the arrest.  This is further evidenced by [Hauman's] PCRA Exhibit 9A which contains a copy of the Order dated May 27, 2004 dismissing the Allegheny case.

---

[5] On appeal from the PCRA court, the Pennsylvania Superior Court affirmed the order of the PCRA court.  Commonwealth v. Hauman, 2015 WL 7586974 (Pa. Super. 2015); Doc. 1-1 at 2-16, Commonwealth v. Hauman, March 2, 2012 PCRA Court Opinion.  The Superior Court's opinion is the last reasoned decision by the state courts, and will be the primary reference point in addressing Hauman's ineffective assistance of counsel claims in the instant habeas petition.  See Simmons v. Beard, 590 F.3d 223, 231-32 (3d Cir. 2009) (internal quotation marks omitted) (AEDPA deference is given to the "last reasoned decision of the state courts on the petitioner's claims.")

> PCRA Court Opinion, 3/2/12, at 4. Further, as noted by the PCRA court, [Hauman's] "trial counsel had a reasonable basis for not challenging the Fulton County warrant as fruit of the poisonous tree because [Hauman's] arrest was never deemed to be unlawful." Id. [Hauman] is not entitled to relief based Paragraph 2 of his PCRA petition.

Commonwealth v. Hauman, 2015 WL 7586974, at *3-4.

In this instance, the record is devoid of evidence demonstrating the illegality of Hauman's Allegheny County arrest. The state courts noted that the Allegheny County Court of Common Pleas did not dismiss Hauman's case based on an illegal arrest. Rather, the charges were dismissed following a habeas corpus proceeding. Hauman conceded that the Allegheny County case "was dismissed through a habeas corpus petition which was like an appeal to the magistrate's determination of prima facie." (Doc. 1-1 at 25; PCRA Hearing Transcript ("PCRA Tr.") 27:3-5, March 22, 2011; see also Doc. 1 at 34, Allegheny County Court of Common Pleas May 27, 2004 order granting pretrial habeas corpus petition). Because there is no evidence that Hauman's Allegheny County arrest was illegal, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. The court concludes that Hauman has failed to identify any decision of the trial court or appellate court which is contrary to, or an unreasonable application of, clearly established federal law. Thus, Hauman failed to meet his burden of proving ineffective assistance of counsel on this claim, and the court will deny habeas relief on this ground.

### B.    Failure to Challenge the Affidavit of Probable Cause

Hauman alleges that trial counsel was ineffective for failing to challenge the veracity of the search warrant affidavit of probable cause, and failing to request a Franks[6] hearing. (Doc. 1 at 20). The Superior Court affirmed the PCRA court's denial of this claim, and found as follows:

> [Hauman] next alleges error related to Paragraph 3 of his PCRA petition in which he claims trial counsel was ineffective for failing to challenge the affidavit of probable cause for the Fulton County search warrant. [Hauman] agues the affidavit is replete with errors and misrepresentations that, if eliminated, would render the warrant insufficient to pass a magistrate's test for probable cause. [Hauman's] Brief at 31. He asserts trial counsel was ineffective for refusing to request a hearing pursuant to Franks v.[] Delaware, 438 U.S. 154 (1978). In Franks, the United States Supreme Court held that "where a defendant demonstrates that an affiant in a warrant affidavit made a false statement knowingly and intentionally, or with reckless disregard for the truth, the search warrant must be voided, unless the affidavit's remaining content is sufficient to establish probable cause." Rega, 70 A.3d at 783. With regard to truthful statements in an affidavit,
>
>> [t]his does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true. Franks, 438 U.S. at 165.
>
> In his brief, [Hauman] sets forth the text of the six-paragraph warrant affidavit and dissects each paragraph of the affidavit over the next six pages of his brief. In the first paragraph, the affiant, Trooper Flaherty, represents that Troopers Roche and Bard contacted him for assistance and related information concerning their investigation into a "traveler" case. [Hauman] contends he could not find any legal reference to the term "traveler"—used in the context of the affidavit as a person who contacts juveniles via email and chat rooms—and

---

[6] Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 267, 457 L.Ed.2d 667 (1978).

suggests the use of the word was simply "wordy jargon" to get the magistrate to "take that bait hook, line and sinker," id., seemingly because Trooper Roche testified he never had chat room exchanges with [Hauman]. Also, [Hauman] challenges statements made by Trooper Roche, claiming Roche testified at the PCRA hearing that Trooper Bard was privy to all the information, after having testified at [Hauman's] 2003 trial that "[i]f it's in [the affidavit], then I wrote it." [Hauman] suggests the statements are inconsistent because the 2003 statement means that Trooper Bard had "nothing to do with the [the affidavit.]" [Hauman's] Brief at 28. In addition, he argues that there were no emails between [Hauman] and "Missy Little" indicating "Missy Little" was twelve years of age, but does not acknowledge that there were emails he omitted from Exhibit 4 to his PCRA petition— which were read into the record at [Hauman's] preliminary hearing— indicating that "Missy Little" (as the affidavit refers to the person with the email address "ShyLittleMissy") was twelve years old. [Hauman's] Brief at 28; PCRA Court Opinion, 3/2/12, at 5 n. 1.

We acknowledge that the PCRA court's focus on Paragraph 3 of [Hauman's] PCRA petition was on [Hauman's] assertions about emails indicating ShyLittleMissy was 12 rather than 13 years old. Even though the PCRA court did not address all of [Hauman's] claims of error and misstatement in the affidavit, we find nothing in the affidavit that falls short of the Franks requirement that that statements be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." Franks, 438 U.S. at 165. [Hauman] is attempting to play a game of semantics in his attack on the warrant. However, he has not demonstrated that the affiant, Trooper Flaherty, made any false statement knowingly and intentionally, or with reckless disregard for the truth. We find no arguable merit in [Hauman's] contention that trial counsel was ineffective for failing to challenge the affidavit. [Hauman's] claims relating to Paragraph 3 of the PCRA petition fail.

Commonwealth v. Hauman, 2015 WL 7586974, at *4-5.

In Franks, the United States Supreme Court concluded that criminal

defendants may challenge material factual statements undergirding an affidavit of

probable cause. See Franks, 438 U.S. at 155-56, 98 S.Ct. 2674; see also United States

v. Yasuf, 461 F.3d 374, 383-84 (3d Cir. 2006). Courts generally presume the validity

of affidavits of probable cause. See Yasuf, 461 F.3d at 383. Criminal defendants

may overcome the presumption if they "make a 'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause." Id. (quoting Franks, 438 U.S. at 171, 98 S.Ct. 2674). If the defendant satisfies this requirement, the court must conduct a Franks hearing. See id.

Here, the state courts found that Hauman failed to establish that the trooper affiant's statements were not truthful. The Superior Court independently reviewed the affidavit and found "nothing in the affidavit that falls short of the Franks requirement that statements be truthful in the sense that the information put forth is believed or appropriately accepted by the affiant as true." Commonwealth v. Hauman, 2015 WL 7586974, at *5 (internal quotations omitted). Thus, the state courts found no arguable merit in Hauman's claim that trial counsel was ineffective for failing to challenge the affidavit. The state courts' determination that counsel's performance was not deficient is not an unreasonable application of Strickland.

Furthermore, at the PCRA hearing, trial counsel testified that he filed an omnibus suppression motion attacking the search warrant, and a pretrial hearing was held addressing this issue. (Doc. 1-1 at 32, PCRA Tr. 54:12-55:6). Trial counsel testified that he raised several challenges to the validity and scope of the search warrant. (Id.) The state court considered and rejected a challenge to the validity of the search warrant. Although not styled as a Franks hearing, trial counsel's pretrial challenge to the search warrant in the suppression hearing appears to have satisfied the purpose of a Franks examination.

The court concludes that trial counsel was not ineffective in failing to request a <u>Franks</u> hearing to challenge the validity of the search warrant affidavit of probable cause and, even if trial counsel's failure to request a <u>Franks</u> hearing had been objectively unreasonable, it was not prejudicial to Hauman's defense because trial counsel did unsuccessfully challenge the search warrant. Consequently, the court will deny habeas relief on this ground.

### C.    Failure to Challenge the Duplicity of the Information

Hauman alleges that trial counsel was ineffective for failing to challenge the duplicity in the criminal information. (Doc. 1 at 49). The Superior Court affirmed the PCRA court's denial of this claim, with the following explanation:

> [Hauman] next asserts PCRA court error under Paragraph 4 of his PCRA petition, which argues trial counsel ineffectiveness for refusing to challenge "duplicity" in the one-paragraph charging information used for all 27 counts alleged against him. As the PCRA court noted, duplicity is "[t]he charging of the same offense in more than one count of an indictment." PCRA Court Opinion, 3/2/12, (quoting Black's Law Dictionary (9th ed. 2009)). Here, [Hauman] was charged with 27 counts of possession of child pornography under 18 Pa.C.S.A. § 6312(d). As our Supreme Court has recognized:
>
> > Under Section 6312(d), it is a violation of the law for "[a]ny person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material" which depicts a minor "engaging in a prohibited sexual act or in the simulation of such act." 18 Pa.C.S. § 6312(d). The General Assembly's use of the term "any," which could mean one or more items, suggests a lack of restriction or limitation. Further, all of the objects listed in the statute are singular, e.g., a "photograph" or a "computer depiction," meaning that each photograph or computer depiction constitutes a distinct occurrence of offensive conduct in violation of Section 6312(d).

> Commonwealth v. Davidson, 938 A.2d 198, 218-19 (Pa. 2007). Each of the 27 counts in the complaint corresponded with one of the 27 photographs recovered from under the carpet in [Hauman's] home. The trial court determined that eleven of those photographs constituted child pornography. Clearly, [Hauman] was not charged with the same offense in more than one count of the indictment. [Hauman's] claims relating to Paragraph 4 of his PCRA petition lack arguable merit and provide no basis for relief.

Commonwealth v. Hauman, 2015 WL 7586974, at *5.

Duplicity is the improper joinder of distinct and separate offenses in a single count. See United States v. Starks, 515 F.2d 112, 116 (3d Cir. 1975) (citing United States v. Jacobs, 451 F.2d 530, 534 (5th Cir. 1971), cert. denied 405 U.S. 9655 (1972)) (superseded on other grounds by Federal Rule of Evidence 901(a)). As the Third Circuit Court of Appeals has observed, duplicitous counts raise a number of concerns: they may conceal the specific charges against a defendant, prevent the jury from deciding guilt or innocence with respect to a particular offense, increase risk of prejudicial evidentiary rulings, or endanger fair sentencing. United States v. Haddy, 134 F.3d 542, 548 (3d Cir. 1998) (citing Starks, 515 F.2d at 116; United States v. Shorter, 809 F.2d 54, 58 n. 1 (D.C.Cir. 1987)). Impermissibly duplicitous counts are properly subject to dismissal. See United States v. Rigas, 605 F.3d 194, 210 (3d Cir. 2010).

Here, the information charged Hauman with 27 counts of possession of child pornography sexual abuse of children. (Doc. 1 at 50). The state courts found that the Commonwealth intended on proving 27 separate counts of possession of child pornography, sexual abuse of children, as possession of each photograph was a separate offense. Furthermore, the state courts noted that Hauman was found

17

guilty of some of the counts, and not guilty of others, "which further negates the idea that [Hauman] was charged with the same offense."  (Doc. 1-1 at 9, PCRA Court Opinion).  Thus, the state courts found that trial counsel was not ineffective for failing to pursue this meritless claim.

Because the state courts correctly found that this claim was meritless, trial counsel was not ineffective for failing to challenge the alleged duplicitous charges in the information.  The state courts' adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d). Therefore, Hauman is not entitled to relief on this claim.

**D.     Failure to Object to the Introduction of other Crimes, Wrongs, or Acts**

Hauman alleges that trial counsel was ineffective for failing "to object to the Commonwealth's introduction, at trial, of other crimes, wrongs or acts (i.e., Pa.R.E. 404(b), et seq.)."  (Doc. 1 at 58).  The Superior Court affirmed the PCRA court's denial of this claim as follows:

> In issues 4 through 6, [Hauman] alleges trial counsel ineffectiveness relating to three subparagraphs in Paragraph 5 of his PCRA petition. In the first of these, [Hauman] claims trial counsel was ineffective for failing to object to Trooper Roche's testimony concerning events in Allegheny County.
>
> The PCRA court rejected [Hauman's] claim for lack of arguable merit, concluding the testimony relating to [Hauman's] prior actions in soliciting a minor in Allegheny County was relevant to show his motive and intent for possessing photographs depicting child pornography. PCRA Court Opinion, 3/2/12, at 7-8.  Further, the PCRA court recognized a reasonable basis for trial counsel not objecting to the testimony sooner than he did.  As the PCRA court explained, "[t]rial counsel believed that testimony regarding what happened in the Allegheny case was merely the basis for later testimony which would

18

explain why the Fulton County warrant was issued, since the Allegheny case provided the factual basis for that warrant." Id. at 8. Finally, an earlier objection would not have put [Hauman] in a different position, as evidenced by the fact the trial court overruled trial counsel's objection when it was made, permitting the testimony to establish intent and motive. Id. Because [Hauman's] assertions lack arguable merit, because trial counsel had a reasonable basis for his actions, and because [Hauman] was not prejudiced by trial counsel's actions, [Hauman's] claims of PCRA court error with respect to Paragraph 5-A of his PCRA petition fail.

Commonwealth v. Hauman, 2015 WL 7586974, at *5-6.

Federal Rule of Evidence 404(b)(2) provides that evidence of crimes, wrongs, other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

Pennsylvania Rule of Evidence 404(b), which is nearly identical to its federal counterpart, provides that: "(2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." PA.R.E. 404(b)(2). The record reflects that trial counsel did raise an objection at trial, which was overruled. (Id.) In overruling this objection, the trial judge found that the evidence relating to Hauman's prior actions in soliciting a minor in Allegheny County was offered for the purpose of showing Hauman's "state of mind or motive for possessing these materials." (Doc. 29-3 at 22, Trial Transcript ("Trial Tr.") 22:12-

13, October 2, 2003).  Thus, the trial court's ruling admitting prior acts evidence

appears to have been appropriate under state law.[7]  (Doc. 29-3 at 19-22, Trial Tr.).

Because the state courts found that this claim of trial counsel's

ineffectiveness was meritless, Hauman has failed to demonstrate that his trial

counsel's performance was deficient.  The state courts' denial of this ineffective

assistance of counsel claim was neither contrary to, nor an unreasonable

application of, Strickland.  For these reasons, Hauman's claim alleging ineffective

assistance of counsel for failing to object to the admissibility of, or the weight

afforded to, prior acts evidence will be denied.

### E.    Failure to Object to Trooper's Testimony

Hauman alleges that trial counsel was ineffective for failing to promptly

object to the hearsay testimony of Trooper Roche, the admission of which was in

violation of the Sixth Amendment.  (Doc. 1 at 63).  The Superior Court affirmed the

PCRA court's denial of this claim as follows:

> [Hauman] next argues the PCRA court erred by denying relief based
> on [Hauman's] claims of ineffectiveness stemming from trial counsel's
> failure to object to hearsay testimony.  The testimony in question was
> offered by Trooper Roche and addressed his conversations with
> Grabowski—the creator of the ShyLittleMissy email account—as well
> as the emails exchanged between Grabowski and [Hauman].
> [Hauman] asserts the testimony was hearsay because Grabowski was
> not called to testify at either the Allegheny or Fulton County
> proceedings, depriving [Hauman] of the opportunity to cross-examine
> him.  [Hauman] contends the introduction of such testimonial hearsay

---

[7] A challenge to the admissibility of evidence is normally considered a
question of state law which is not cognizable in a federal habeas corpus proceeding.
See Keller v. Larkins, 251 F.3d 408, 416 n. 2 (3d Cir. 2001) ("A federal habeas court . .
. cannot decide whether the evidence in question was properly allowed under the
state law of evidence").  Thus, even if the prior acts evidence was improperly
admitted, it does not provide a basis for federal habeas corpus relief.

constituted a violation of the Sixth Amendment and trial counsel was ineffective for failing to object to it.

The PCRA court rejected [Hauman's] argument, finding that the testimony was not hearsay because it was not offered for the truth of the matter asserted. PCRA Court Opinion, 3/2/12, at 8. Instead the testimony was offered to establish motive and intent. Id. at 8-9. As the Commonwealth suggests:

> The evidence showed the state of mind of the declarant, Ty Grabowski, was to "bait" a pedophile. Evidence offered to establish the state of mind of the declarant is not hearsay. The evidence also showed and explained the state of mind and actions of the hearer, Trooper [Roche], which was to take over the role of "shylittlemissy" and catch the pedophile that Grabowski had lured in. Evidence offered to establish the state of mind of the hearer is not hearsay.

Commonwealth Brief, at 12-13 (citations omitted).

[Hauman's] argument is grounded on his contention that the trooper's testimony constituted testimonial hearsay while acknowledging the Sixth Amendment would not be violated if Grabowski's statements to the trooper were non-testimonial. He recognizes that statements are non-testimonial if made "in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." [Hauman's] Brief at 42 (quoting Davis v. Washington, 547 U.S. 813, 822 (2006)). "They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Id. (quoting Davis, 547 U.S. at 822.)

[Hauman] contends Grabowski did not ask police to meet with him regarding an ongoing emergency. Id. The Commonwealth counters that "implicit in Davis is the idea that because the prospect of fabrication in statements given for the primary purpose of resolving [an] emergency is presumably significantly diminished, the Confrontation Clause does not require such statements to be subject to the crucible of cross-examination." Commonwealth's Brief at 13-14 (quoting Michigan v. Bryant, 131 S.Ct. 1143, 1157 (2011)). Further, the Supreme Court in Bryant "cautioned that the scope of an 'ongoing

emergency' should not be narrowly drawn." <u>Id.</u> at 14. The Commonwealth suggests that:

> Grabowski, a private citizen, took it upon himself to create a "chat room" persona ("shylittlemissy") to troll the internet for pedophiles. In that capacity, "shylittlemissy" began a sexually charged e-mail correspondence with someone calling himself "jake thomas" on a Hotmail account—fatdiggity@hotmail.com. Grabowski did not know who or where "jake thomas" was. All he knew was that he thought he had an internet predator "nibbling on the bait" and needed to hand the whole thing over to the police. Viewed objectively, being in contact with an apparent internet predator seeking contact with an underage girl would feel like an ongoing emergency to a reasonable person, the kind of threat that endangered the public as a whole. Who else was "jake thomas" reaching out to, and how? Grabowski did not contact the police to provide testimony against [Hauman]- he did not even know who [Hauman] was. He contacted the police because he needed help to resolve an ongoing emergency. He was in contact with an internet predator and was in way over his head.

Commonwealth's Brief at 14-15.

We agree with the PCRA court that the testimony did not constitute hearsay. Even if it did, it was non-testimonial in nature under the circumstances of this case. Further, even if it could be considered testimonial hearsay, we cannot see how [Hauman] was prejudiced by the testimony. As the Commonwealth contends, in the taped statement given to Trooper Roche, [Hauman] admitted he believed he was communicating with an underage female for purpose of eventually having sexual contact with her. Commonwealth's Brief at 15. [Hauman's] claim under Paragraph 5-B of his PCRA petition fails.

<u>Commonwealth v. Hauman</u>, 2015 WL 7586974, at *6-7.

The Sixth Amendment's Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." <u>Pointer v. Texas</u>, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). This right applies only to testimonial statements offered for

their truth.  <u>Crawford v. Washington</u>, 541 U.S. 36, 50-51, 59-60 n.9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (citing <u>Tennessee v. Street</u>, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985)).  If a witness is unavailable, hearsay testimony of that person is not admissible unless the defendant had a prior opportunity for cross-examination.  <u>Id.</u> at 68.  However, the Confrontation Clause does not apply to non-testimonial statements or testimony that is not used for a hearsay purpose.  <u>Davis v. Washington</u>, 547 U.S. 813, 823-24, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

Federal Rule of Evidence 801(c) defines hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement."  FED. R. EVID. 801(c)(1), (2).  Pennsylvania Rule of Evidence 801(c), which is identical to its federal counterpart, defines hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement."  PA.R.E. 801(c).

Here, the state courts found that the testimony was not hearsay because it was not offered for the truth of the matter asserted.  Rather, it was offered to show Hauman's intent or motive.  The state courts further determined that Grabowski's statement to PSP about "an internet predator seeking contact with an underage girl" was non-testimonial because the statement addressed a perceived ongoing emergency, i.e., an internet predator seeking a young girl for sex.  <u>Commonwealth v. Hauman</u>, 2015 WL 7586974, at *6-7.  Even if this statement was considered testimonial hearsay, the state courts found that Hauman was not prejudiced by trial counsel's failure to object to this testimony, given the fact that Hauman admitted to

police during his interview that "he believed he was communicating with an underage female for the purpose of eventually having sexual contact with her."[8] Commonwealth v. Hauman, 2015 WL 7586974, at *7. Furthermore, during the PCRA hearing, Hauman testified the he believed he was communicating with a thirteen year old girl. (Doc. 1-1 at 31, PCRA Tr. 53:6-25).

Because the state courts found that this claim of trial counsel's ineffectiveness was meritless, Hauman failed to establish the performance prong of the Strickland test. Therefore, Hauman cannot establish the ineffectiveness of his trial counsel based on failing to promptly make meritless hearsay objections. The state courts' adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). The court will deny habeas relief on this claim.

### F.    Failure to Raise the Defense of Collateral Estoppel

Hauman alleges that trial counsel was ineffective for failing to raise the defense of collateral estoppel. (Doc. 1 at 68). In addressing this claim on appeal, the Superior Court affirmed PCRA court's order which denied Hauman's claim for post-conviction relief on this issue. The Superior Court found as follows:

> [Hauman] also claims the PCRA court erred by denying relief under Paragraph 5-D of his PCRA petition in which he alleged trial counsel ineffectiveness for failing to raise the defense of collateral estoppel after the Allegheny County case was dismissed. Initially, we reject [Hauman's] contention that dismissal of the case constituted a "final judgment on the merits." As the PCRA court recognized, [Hauman]

---

[8] Moreover, "[a]dmissibility of evidence is a state law issue." Wilson v. Vaughn, 533 F.3d 208, 213 (3d Cir. 2008) (citing Estelle v. McGuire, 502 U.S. 62, 72 (1991)). Thus, even if hearsay was improperly admitted, it does not provide a basis for federal habeas corpus relief.

was charged in Allegheny County with one count of Solicitation of Involuntary Deviate Sexual Intercourse ("IDSI") and four counts of Criminal Attempt (Unlawful Contact with a Minor, Rape, IDSI, and Statutory Rape). PCRA Court Opinion, 3/2/12, at 9. [Hauman] filed a motion for writ of habeas corpus and the court dismissed the charges without prejudice on May 27, 2004, more than two months after [Hauman] was sentenced in Fulton County. As the PCRA court recognized:

> "In Pennsylvania, double jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined." Commonwealth v. Hunter, 674 A .2d 306 (Pa. Super. 1996). [Hauman's] Allegheny County charges were dismissed pursuant to a pretrial motion. He did not stand trial and the Commonwealth was not barred from re-filing those same charges. Jeopardy did not attach and therefore double jeopardy could not have attached. Further we note that the charges in Allegheny County were substantially different from the [possession of child pornography] charges filed in Fulton County.

Id. at 10. [Hauman's] claim of PCRA court error based on Paragraph 5-D of his PCRA petition fails for lack of arguable merit.

Commonwealth v. Hauman, 2015 WL 7586974, at *7-8.

"The doctrine of collateral estoppel ensures that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Rigas, 605 F.3d at 217) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). To invoke collateral estoppel, a defendant "bears the burden of demonstrating that the issue he seeks to foreclose was actually decided in the first proceeding." Rigas, 605 F.3d at 217 (quoting Dowling v. United States, 493 U.S. 342, 350-51 (1990)). "'[S]ince it is usually impossible to determine with any precision upon what basis the jury reached a verdict in a criminal case, it is a rare situation in which the collateral estoppel

defense will be available to a defendant.'" Id. (quoting United States v. McGowan, 58 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks & citation omitted in original)).

The state courts found no merit to Hauman's claim that trial counsel improperly failed to present the argument that he should not have been charged with the Fulton County offenses in accordance with the doctrine of collateral estoppel. First, the state courts determined that there was no final judgment in the Allegheny County case because the Allegheny County charges were dismissed pursuant to a pretrial motion, the dismissal order was "entered without prejudice", and he did not stand trial in that case. (Doc. 1 at 34). Second, the state courts reasoned that the cases did not involve the same issues. In the Allegheny County case, Hauman was charged with one count of Solicitation of Involuntary Deviate Sexual Intercourse and four counts of Criminal Attempt (Unlawful Contact with a Minor, Rape, IDSI, and Statutory Rape). See Commonwealth v. Hauman, 2015 WL 7586974, at *7. In the Fulton County case, Hauman was charged with 27 counts of ~~sexual abuse of children related to his alleged~~ possession of child pornography. Clearly, the cases involved different offenses and different conduct. Not surprisingly, the state courts found that the doctrine of collateral estoppel did not apply and found that trial counsel was not ineffective for failing to pursue a meritless claim.

Because "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument," Sanders, 165 F.3d at 253, Hauman has failed to demonstrate that his trial counsel's performance was deficient. Therefore, this ineffective assistance of counsel claim fails. The state

courts' analyses of this claim do not constitute an unreasonable application of federal law.

## G.    Failure to Hire an Expert Witness

Hauman alleges that trial counsel was ineffective for failing to hire an expert witness, with an expertise in Tanner Staging, to rebut the testimony of the Commonwealth's expert.  (Doc. 1 at 74).  The Superior Court rejected this claim on Hauman's PCRA appeal and found as follows:

> In his seventh issue, [Hauman] argues trial counsel ineffectiveness for failure to present an expert witness to rebut the testimony of the Commonwealth's expert.  The Commonwealth's expert testified about application of the "Tanner staging scale" used to determine the age of children depicted in [Hauman's] photographs based on physical development.  [Hauman's] argument lacks reasonable merit.  As the PCRA court aptly noted, "Trial counsel need not introduce expert testimony on his client's behalf if he is able to effectively cross-examine prosecution witnesses and elicit helpful testimony."  PCRA Court Opinion, 3/2/12, at 11 (citing Commonwealth v. Marinelli, 810 A.2d 1257, 1269 (Pa. Super. 2002)).  The PCRA court explained:

>> After reviewing the transcripts, we find that trial counsel effectively cross-examined the expert on his methods and use of Tanner.  Trial counsel cross-examined [Commonwealth expert] Dr. Greenwald on his understanding of the Tanner scale and the conclusiveness of his results.  In fact, arguments contained in Dr. Rosenbloom's affidavit attached to the Offer of Proof were brought out during cross-examination of Dr. Greenwald by trial counsel.  For example, Dr. Rosenbloom asserts that the Tanner scale is not intended for determining age, but rather, it was intended for use in determining stages of development.  This is evident in trial counsel's questioning on pages 93 and 94 of the transcript.  Trial counsel elicits testimony wherein Dr. Greenwald admits that the scale isn't intended for determining exact chronological age.

> Pursuant to <u>Marinelli</u>, trial counsel effectively cross-examined the Commonwealth's expert and was not required to produce a rebuttal expert.
>
> PCRA Court Opinion, 3/2/12, at 11. Because [Hauman's] claims relating to Paragraph 6 of his PCRA petition lack arguable merit, [Hauman] is not entitled to relief.

<u>Commonwealth v. Hauman</u>, 2015 WL 7586974, at *8.

The state courts determined trial counsel effectively cross-examined the Commonwealth's expert witness, and conducted a thorough cross-examination of the expert on the subject of Tanner Staging. The state courts therefore found that, based on this effective cross examination, trial counsel was not required to retain a defense expert, and his performance was not deficient. As such, it was not unreasonable for the state courts to find this trial-counsel-ineffectiveness claim meritless. <u>See</u> <u>Commonwealth v. Marinelli</u>, 570 Pa. 622, 810 A.2d 1257, 1269 (2002) (rejecting claim that counsel was ineffective for failing to call a defense expert witness to refute testimony proffered by a Commonwealth witness when trial counsel engaged in effective cross-examination of the Commonwealth witness); <u>Commonwealth v. Chmiel</u>, 612 Pa. 333, 30 A.3d 1111, 1143 (Pa. 2011) ("[T]rial counsel will not be deemed ineffective for failing to call a medical, forensic, or scientific expert merely to critically evaluate expert testimony [that] was presented by the prosecution."). Moreover, the state courts noted that trial counsel actively consulted with an expert on forensic evaluation of computer generated child pornography who conclusively determined that some of the seized images were images of actual children.

Given the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," <u>Strickland</u>, 466 U.S. at 689, Hauman has failed to show that trial counsel's failure to present an independent expert witness fell well below an objective standard of reasonableness. The state courts' adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Therefore, the court will deny the habeas petition as to this claim.

### H. Failure to Object or Argue on Appeal that the Trial Court Disregarded Testimony of the Commonwealth's Expert and Failure to Argue that the Commonwealth Failed to Prove the Elements of the Offense

Hauman alleges that trial counsel was ineffective for failing to object to, or argue on appeal, that the trial court disregarded the opinion of the Commonwealth's expert regarding four photographs for which the expert was unable to form an opinion as to age. (Doc. 1 at 87). Hauman likewise alleges that trial counsel was ineffective for failing argue that the Commonwealth did not prove the age element and the prohibited sexual act element of the offense. (Doc. 1 at 91).

The Superior Court rejected this claim and found as follows:

Next, [Hauman] claims PCRA court error for rejecting claims in Paragraph 7 of his PCRA petition. In Paragraph 7, [Hauman] alleged that trial counsel was ineffective for failing to challenge on direct appeal the trial court's discounting of expert testimony regarding four of the pictures upon which [Hauman] was convicted. [Hauman] contends the Commonwealth's expert testified it was not possible to state beyond a reasonable degree of medical certainty that the subjects in those pictures were under the age of 18.

It is of no consequence that the trial court convicted [Hauman] on possession charges for those four photographs absent expert testimony establishing the individuals depicted were under the age of 18. While

it is clear that competent expert testimony is sufficient to establish the age of a person alleged to be a child under the 18 years of age under 18 Pa.C.S.A. § 6312(e), it is equally true that expert testimony is not required for the court to establish the age of the children in photographs. Commonwealth v. Robertson-Dewar, 829 A.2d 1207 (Pa. Super. 2003). The PCRA court noted that "[i]n reaching its verdict, the [c]ourt considered all the evidence presented at trial, including the testimony of the expert. The [c]ourt was not bound by the expert's testimony and found additional evidence supporting a finding that the individuals in the pictures were indeed children." PCRA Court Opinion, 3/2/12, at 12. [Hauman's] challenge based on Paragraph 7 of his PCRA petition lacks arguable merit.

Commonwealth v. Hauman, 2015 WL 7586974, at *8-9.

The Third Circuit Court of Appeals has explained, "[e]xpert testimony may be required to enable the fact finder to determine age in cases where the age of the actor in the video is difficult to determine." United States v. Davis, 41 F. App'x 566, 571 (3d Cir. 2002) (citing United States v. Katz, 178 F.3d 368, 373 (5th Cir. 1999)). However, "at the same time, 'age is a matter on which everyone has an opinion. Knowingly or unknowingly, we all form conclusions about people's ages every day. It is therefore particularly appropriate for a lay witness to express an opinion on the subject.'" Id. (quoting United States v. Yazzie, 976 F.2d 1252, 1256 (9th Cir. 1992)).

Where, as here, the judge was the trier of fact, he was able to make his own lay determination as to whether the children depicted in the photographs were under the age of eighteen, and he was well-suited to pass on the impact of evidence on his verdict. See Clayborne v. Superintendent, SCI Huntingdon, 2003 WL 22427983 at *6 (E.D. Pa. 2003); see also Nara, 488 F.3d at 201. Given the independent strength of the evidence against him, Hauman cannot demonstrate that the state courts' decisions were unreasonable. Therefore, Hauman's claims

alleging ineffective assistance of counsel for failing to object to the trial court's discounting of expert testimony, and failing to argue that the Commonwealth did not establish the elements of the offense will be denied.

## I.    Cumulative Ineffectiveness Claim

Hauman alleges that counsel was ineffective because all grounds for relief, in "lump sum," show his ineffectiveness.  (Doc. 1 at 95).  Respondents contend that Hauman failed to present this claim to the state courts and, thus, it is unexhausted. (Doc. 29-1 at 22-23).  Hauman argues that he used the "adoption by reference" method to present this claim to the PCRA court.  (Doc. 34 at 11).  He asserts that his statements in the PCRA petition that he "repeats the allegations in [the foregoing paragraphs], as if set forth at length here" are sufficient to constitute a cumulative ineffective assistance of counsel claim.  (Doc. 29-2 ¶¶ 416, 430, 451, 462, 473-1, 473-11, 473-20, 474, 532, 562).  The court finds that this claim was not presented to the state courts, including the PCRA court.

To properly exhaust his state remedies, Hauman must fairly present his claims to the state court, either on direct appeal or by collateral review.  <u>See Castille</u>, 489 U.S. at 349-50; <u>Blasi v. Attorney General of Pa.</u>, 30 F. Supp. 2d 481, 487 (M.D. Pa. 1998).  Because Hauman did not raise this claim in either his direct appeal or his PCRA appeal, Hauman has failed to exhaust his state remedies for this claim. <u>See</u> <u>Moore v. Morton</u>, 255 F.3d 95, 103 n. 7 (3d Cir. 2001) (declining to review some of petitioner's prosecutorial misconduct claims where factual predicates for the claims (i.e., the prosecutor's particular actions/statements) were not raised in each New Jersey state court); <u>see</u> <u>also</u> <u>McCandless</u>, 172 F.3d at 261 (3d Cir. 1999) ("To

'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."). Moreover, the time to do so has expired. His failure to timely present this claim at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of this claim. Barnhart v. Kyler, 318 F. Supp.2d 250 (M.D. Pa. 2004). The merits of his procedurally defaulted claim cannot be reviewed unless he demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless, 172 F.3d at 260; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, he must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). Hauman has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case. Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002). Nor is there any indication that a failure to review these claims will result in a fundamental miscarriage of justice. Because this claim has been procedurally defaulted, the court is precluded from addressing the merits. See Carpenter v. Vaughn, 888 F. Supp. 635, 646 (M.D. Pa. 1994).

## V.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, a COA will not issue.

## VI.   Conclusion

For the reasons set forth above, the court will deny the petition for writ of habeas corpus.  A separate order shall issue.

 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        November 9, 2018